Joshua R. Woodard, NV Bar No. 5555
Carrie L. Parker, NV Bar No. 10952
SNELL & WILMER L.L.P.
50 W. Liberty Street, Suite 510
Reno, Nevada 89501
Telephone: (775) 785-5440
Facsimile: (775) 785-5441
Email: jwoodard@swlaw.com
       cparker@swlaw.com

Jennifer Randlett Madden, CA Bar No. 184905
(Admitted *Pro Hac Vice*)
DELFINO MADDEN O'MALLEY
COYLE & KOEWLER LLP
500 Capitol Mall Suite 1550
Sacramento, California 95814
Telephone: (916) 661-5810
Facsimile: (916) 661-5701
Email: jmadden@delfinomadden.com

*Attorneys for Defendant Darrell E. Wagner*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| AMERIGAS PROPANE, INC., a Pennsylvania corporation,<br><br>Plaintiff,<br><br>vs.<br><br>DARRELL E. WAGNER, an individual<br><br>Defendant. | Case No. 3:18-cv-00123-MMD-VPC<br><br>**DARRELL E. WAGNER'S ANSWER TO COMPLAINT** |

Defendant Darrell E. Wagner, by and through counsel, files his Answer to the Complaint (Dkt. #3) as follows:

**SUMMARY OF ACTION**

1. Wagner admits the first sentence of paragraph 1. Wagner lacks knowledge and information on which to form a belief as to the truth or falsity of the remaining allegations of paragraph 1, and therefore denies the same.

2. Wagner admits the allegations of paragraph 2.

3. Wagner admits the agreement attached to the Complaint as Exhibit A bears his

4836-3549-1684

signature, which was obtained without sufficient consideration. Wagner denies the remaining allegations of paragraph 3.

4. Wagner lacks knowledge and information on which to form a belief as to the truth or falsity of the allegations of paragraph 4, and therefore denies the same.

5. Wagner admits he worked for Heritage but lacks knowledge and information on which to form a belief as to the truth or falsity of the remaining allegations of paragraph 5, and therefore denies the same.

6. Wagner denies the allegations of paragraph 6.

7. Wagner denies the allegations of paragraph 7.

**PARTIES**

8. The allegations of paragraph 8 do not state averments of fact but rather conclusions of law as to which no answer is required, but to the extent an answer is required, Wagner denies said allegations.

9. Wagner admits the allegations of paragraph 9.

**JURISDICTION AND VENUE**

10. Wagner denies the amount in controversy exceeds $75,000. The remaining allegations call for a legal conclusion as to which no answer is required.

11. Wagner admits venue is proper but denies that he engaged in the wrongful conduct alleged.

**FACTUAL ALLEGATIONS APPLICABLE TO ALL CLAIMS**

12. Wagner lacks knowledge and information on which to form a belief as to the truth or falsity of the allegations of paragraph 12, and therefore denies the same.

13. Wagner lacks knowledge and information on which to form a belief as to the truth or falsity of the allegations of paragraph 13, and therefore denies the same.

14. Wagner denies the allegations of paragraph 14.

15. Wagner denies the allegations of paragraph 15.

16. Wagner admits the allegations of paragraph 16.

17. Wagner admits AmeriGas employed him as a District Manager. Wagner denies the

- 2 -
4836-3549-1684

1  remaining allegations of paragraph 17.

2      18.    Wagner admits the agreement attached to the Complaint as Exhibit A bears his signature, which was obtained without sufficient consideration. This paragraph refers to an instrument in writing, which instrument fully and adequately speaks for itself, and any summations, characterizations or conclusions from said documents necessarily misstate or otherwise fail to accurately state the full contents of said document.

    19.    Wagner denies the allegations of paragraph 19.

    20.    Wagner admits he is an employee of Hunt & Sons, Inc. but denies the remaining allegations of paragraph 20.

    21.    Wagner denies the allegations of paragraph 21, as this paragraph refers to an instrument in writing, which instrument fully and adequately speaks for itself, and any summations, characterizations or conclusions from said documents necessarily misstate or otherwise fail to accurately state the full contents of said document.

    22.    Wagner denies the allegations of paragraph 22, as this paragraph refers to an instrument in writing, which instrument fully and adequately speaks for itself, and any summations, characterizations or conclusions from said documents necessarily misstate or otherwise fail to accurately state the full contents of said document.

    23.    Wagner denies the allegations of paragraph 23.

    24.    Wagner admits he is an employee of Hunt & Sons, Inc. but denies the remaining allegations of paragraph 24.

    25.    Wagner admits that he received a letter dated February 20, 2018, attached to the Complaint as Exhibit B, and informing him the "Agreement does not prohibit [Wagner] from working for a competitor." Wagner denies the remaining allegations in paragraph 25.

    26.    Wagner denies the allegations of paragraph 26.

**FIRST CAUSE OF ACTION**
**BREACH OF CONTRACT**

    27.    Answering paragraph 27, Wagner hereby repeats, re-alleges, and incorporates each of its admissions, denials, or other responses herein.

28.     Wagner admits the agreement attached to the Complaint as Exhibit A bears his signature, which was obtained without sufficient consideration. Wagner admits he worked for AmeriGas. Wagner denies the remaining allegations of paragraph 28.

29.     Wagner denies the allegations in paragraph 29.

30.     The allegations of paragraph 30 do not state averments of fact but rather conclusions of law as to which no answer is required, but to the extent an answer is required, Wagner denies said allegations.

## SECOND CAUSE OF ACTION
## MISAPPROPRIATION OF TRADE SECRETS (NRS 600A, *ET SEQ.*)

31.     Answering paragraph 31, Wagner hereby repeats, re-alleges, and incorporates each of its admissions, denials, or other responses herein.

32.     Wagner does not know what "propane panels" means and is unaware of anyone installing "propane panels." Wagner denies the allegations in paragraph 32.

33.     Wagner denies the allegations in paragraph 33.

34.     Wagner denies the allegations in paragraph 34.

35.     Wagner denies the allegations in paragraph 35.

36.     The allegations of paragraph 36 do not state averments of fact but rather conclusions of law as to which no answer is required, but to the extent an answer is required, Wagner denies said allegations.

37.     The allegations of paragraph 37 do not state averments of fact but rather conclusions of law as to which no answer is required, but to the extent an answer is required, Wagner denies said allegations.

38.     Wagner denies the allegations in paragraph 38.

## THIRD CAUSE OF ACTION
## VIOLATION OF THE DEFEND TRADE SECRETS ACT OF 2016 (18 U.S.C. § 1836, *ET SEQ.*)

39.     Answering paragraph 39, Wagner hereby repeats, re-alleges, and incorporates each of its admissions, denials, or other responses herein.

40.     Wagner lacks knowledge and information on which to form a belief as to the truth

1  or falsity of the allegations of paragraph 40, and therefore denies the same.

2  41. Wagner denies the allegations of paragraph 41.

3  42. Wagner denies the allegations of paragraph 42.

4  43. Wagner denies the allegations of paragraph 43.

5  44. Wagner denies the allegations of paragraph 44.

6  45. The allegations of paragraph 45 do not state averments of fact but rather conclusions of law as to which no answer is required, but to the extent an answer is required, Wagner denies said allegations.

9  46. Wagner denies the allegations of paragraph 46.

10  47. The allegations of paragraph 47 do not state averments of fact but rather conclusions of law as to which no answer is required, but to the extent an answer is required, Wagner denies said allegations.

13  48. The allegations of paragraph 48 do not state averments of fact but rather conclusions of law as to which no answer is required, but to the extent an answer is required, Wagner denies said allegations.

16  49. The allegations of paragraph 49 do not state averments of fact but rather conclusions of law as to which no answer is required, but to the extent an answer is required, Wagner denies said allegations.

19  50. The allegations of paragraph 50 do not state averments of fact but rather conclusions of law as to which no answer is required, but to the extent an answer is required, Wagner denies said allegations.

22  51. The allegations of paragraph 51 do not state averments of fact but rather conclusions of law as to which no answer is required, but to the extent an answer is required, Wagner denies said allegations.

## **AFFIRMATIVE DEFENSES**

Defendant alleges the following as affirmative defenses to the Complaint:

1. The purported agreement between Plaintiff and Defendant alleged in the Complaint is void, unenforceable, and contrary to the public policy of the State of Nevada.

Snell & Wilmer
L.L.P.
LAW OFFICES
50 West Liberty Street, Suite 510
Reno, Nevada 89501
775-785-5440

    2. To the extent that Plaintiff intends to apply the purported agreement between Plaintiff and Defendant alleged in the Complaint as applicable and binding in California, such agreement is void, unenforceable, and contrary to the law and public policy of the State of California.

    3. The purported agreement between Plaintiff and Defendant alleged in the Complaint is unenforceable against Defendant due to a failure of consideration.

    4. The purported agreement between Plaintiff and Defendant alleged in the Complaint is unenforceable against Defendant because Plaintiff procured Defendant's signature on such agreement through duress and misrepresentation.

    5. The purported agreement between Plaintiff and Defendant alleged in the Complaint is unenforceable against Defendant because the obligations Plaintiff seeks to impose on Defendant (a) are unreasonable; (b) impose a restraint that is greater than in required for the protection of Plaintiff; (c) impose undue hardship on Defendant; (d) are not appropriate in relation to the alleged consideration.

    6. The purported agreement between Plaintiff and Defendant alleged in the Complaint is unenforceable against Defendant because it purports to restrict Defendant from providing service to a former customer or client regardless of whether Defendant solicited the former customer or client, or the customer or client voluntarily chose to leave the services of Plaintiff, or Defendant otherwise complied with limitations in the agreement as to time, geographical area, and scope of activity to be restrained.

    7. Plaintiff's claims, if any, are barred by the failure of Plaintiff to perform conditions precedent to the enforcement of any purported contract.

    8. Plaintiff, through its conduct, has waived any right to recovery against Defendant.

    9. Plaintiff's claims are barred by the doctrine of unclean hands and bad faith.

    10. Plaintiff is equitably estopped from asserting any equitable claims or right to recovery against Defendant.

    11. The damages claimed by Plaintiff were proximately caused by Plaintiff's own conduct, including but not limited to, a failure to mitigate damages, precluding any recovery

against Defendant.

12. To the extent any wrongful conduct on the part of Plaintiff caused or contributed to events described in the Complaint, Nevada's laws concerning comparative negligence apply to this action and govern any damage recovery to which Plaintiff may be entitled.

13. To the extent Plaintiff sustained any damages as a result of the matters alleged in the Complaint, those damages were caused by the acts or omissions of persons or parties over whom Defendant had no control.

14. Plaintiff, through its voluntary actions and inactions, has released Defendant from any claims arising from the matters alleged in the Complaint.

15. All actions or inactions of Defendant in connection with the matters alleged in the Complaint were reasonable, legally justified and privileged.

16. The Complaint fails to state a claim upon which relief can be granted.

17. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

18. If Defendant perpetrated any of the acts alleged in the Complaint, which Defendant in no way admits, the acts were undertaken without malice.

19. Under the applicable law and the facts of this case, Plaintiff is not entitled to punitive damages. Moreover, any award of punitive damages such as that sought by Plaintiff is unconstitutional under the United States Constitution and/or the Constitution of Nevada.

20. Plaintiff's claims are barred by the doctrine of laches.

21. Plaintiff's claims are barred by fraud in the inducement.

22. Plaintiff's claims are barred by unilateral and/or mutual mistake.

23. Plaintiff's claims are barred by the doctrines of merger, res judicata, release, discharge, and accord and satisfaction.

24. Plaintiff's claims are barred because Plaintiff is not the real party in interest and lacks standing to assert the claims made.

25. Plaintiff's claims are barred because the information Plaintiff claims to be a trade secret is not a trade secret under the law.

4836-3549-1684

26. Plaintiff's claims are barred because Plaintiff suffered no damages.

27. All possible affirmative defenses are unknown to Defendant at this time so Defendant reserves the right to amend this Answer to assert additional affirmative defenses as they are discovered or determined.

28. Plaintiff's claims are barred as a result of Plaintiff's failure to satisfy the terms of the agreement.

29. Plaintiff's claims are barred because the actions of Defendant were not arbitrary, capricious, unreasonable, or made in bad faith.

## **PRAYER FOR RELIEF**

Wherefore, Defendant asks for relief as follows:

a. That Plaintiff take nothing by way of the Complaint;

b. For attorney fees, costs, and expenses incurred in this matter, both as an award of the Court and as damages; and

c. For such other and further relief as the Court may deem just or proper.

d. For such other and further relief as it may deem appropriate.

Dated: May 4, 2018                                          SNELL & WILMER L.L.P.

By: /s/ Carrie L. Parker
Joshua R. Woodard, NV Bar No. 5555
Carrie L. Parker, NV Bar No. 10952
50 West Liberty Street, Suite 510
Reno, Nevada 89501

Jennifer Randlett Madden
CA Bar No. 284901
DELFINO MADDEN O'MALLEY
COYLE & KOEWLER LLP
500 Capitol Mall Suite 1550
Sacramento, California 95814

*Attorneys for Defendant Darrell E. Wagner*

- 8 -

4836-3549-1684

## CERTIFICATE OF SERVICE

I, the undersigned, declare under penalty of perjury, that I am over the age of eighteen (18) years, and I am not a party to, nor interested in, this action. On this date, I caused to be served a true and correct copy of the foregoing **DARRELL E. WAGNER'S ANSWER TO COMPLAINT** by the method indicated:

| | |
|---|---|
| XXXXXXX | by Court's CM/ECF Program |
| _____ | by U. S. Mail |
| _____ | by Facsimile Transmission |
| _____ | by Overnight Mail |
| _____ | by Federal Express |
| _____ | by Electronic Service |
| _____ | by Hand Delivery |

and addressed to the following:

Robert S. Larsen
GORDON REES SCULLY
 MANSUKHANI, LLP
300 S. Fourth Street, Suite 1550
Las Vegas, Nevada 89101

Alexander Nemiroff
GORDON REES SCULLY
 MANSUKHANI, LLP
One Commerce Square
2005 Market Street, Suite 2900
Philadelphia, Pennsylvania 19103

Dated this 4th day of May, 2018.

By: /s/ Holly W. Longe_____
An employee of Snell & Wilmer L.L.P.

4836-3549-1684