```
 1  ROBERT S. LARSEN, ESQ.
    Nevada State Bar No. 7785
 2  LYNNE K. McCHRYSTAL, ESQ.
    Nevada State Bar No. 14739
 3  GORDON REES SCULLY MANSUKHANI, LLP
 4  300 South 4th Street, Suite 1550
    Las Vegas, Nevada 89101
 5  Telephone:  (702) 577-9300
    Facsimile:  (702) 255-2858
 6  Email: rlarsen@gmail.com
            lmcchrystal@grsm.com
 7
 8  Attorneys for Plaintiff
    AmeriGas Propane, Inc.
 9
```

```
         ✓ FILED           ___ RECEIVED
         ___ ENTERED       ___ SERVED ON
                       COUNSEL/PARTIES OF RECORD

                  JUN 1 9 2018

              CLERK US DISTRICT COURT
                 DISTRICT OF NEVADA
         BY: _____ DEPUTY
```

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| AMERIGAS PROPANE, INC., a Pennsylvania corporation,<br><br>Plaintiff,<br><br>v.<br><br>DARRELL E. WAGNER, an individual,<br><br>Defendant. | CASE NO.  3:18-cv-00123-MMD-VPC<br><br>[PROPOSED]<br>**STIPULATED PROTECTIVE ORDER** |

IT IS HEREBY STIPULATED by and between Plaintiff, AmeriGas Propane, Inc., and Defendant, Darrell E. Wagner (collectively, the "parties"), through their respective counsel of record, that this [Proposed] Stipulated Protective Order ("Protective Order") shall govern all information and documents disclosed or produced in this case, including information and documents that may be disclosed or produced before this Protective Order is entered by the Court.

WHEREAS the parties to this case may be required to disclose to the other certain sensitive, personal, financial, confidential and/or proprietary information and documents relating to the subject matter of this litigation, the unauthorized use or disclosure of which is likely to cause harm to the party producing such information or contravene an obligation of

confidentiality to a third person or to a court.

Accordingly, the parties hereby stipulate to and petition the Court to enter the Protective Order, pursuant to Fed. R. Civ. P. 26(c). The parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled to treatment as confidential under applicable state or federal law. The parties further acknowledge that this Protective Order creates no entitlement to file confidential information under seal; the parties shall follow the applicable rules when seeking permission from the Court to file material under seal. The parties respectfully request that this Court enter the [Proposed] Stipulated Protective Order on the following terms:

## I. DEFINITIONS

The following Definitions shall apply in this Order:

A. The term **"Confidential Information"** will mean and include information contained or disclosed in any materials that is deemed to be Confidential Information by any party to which it belongs.

B. The term **"Materials"** will include, but is not limited to: documents; correspondence; memoranda; financial information; email; marketing plans; marketing budgets; customer information; materials that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; forecasts; notes of conversations; desk diaries; appointment books; videos; expense accounts; recordings; photographs; sketches; drawings; business reports; disclosures; and internet archives.

C. The term **"Counsel"** will mean outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed in the following law firms: Delfino Madden O'Malley Coyle & Koewler, LLP; Snell & Wilmer LLP; Gordon Rees Scully Mansukhani, LLP.

## II. LIMITATIONS ON DISCLOSURE OF CONFIDENTIAL INFORMATION

The following provisions shall apply in this litigation:

1. Each party to this litigation that produces or discloses any Materials, written discovery, transcripts or trial or deposition testimony, or information the producing party believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY."

   (a) Designation as "CONFIDENTIAL": Any party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such party and its Counsel, the unrestricted disclosure of such information could be harmful to the business or operations of such party.

   (b) Designation as "CONFIDENTIAL – FOR COUNSEL ONLY": Any party may designate information as "CONFIDENTIAL – FOR COUNSEL ONLY" only if, in the good faith belief of such party and its Counsel, the information is among that considered to be most sensitive by the party, including but not limited to trade secret or other confidential research, development, financial, customer related data or other commercial information, or other information that is proprietary or otherwise highly confidential or sensitive in nature.

2. In the event the producing party elects to produce Materials for inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all Materials produced will be considered as "CONFIDENTIAL – FOR COUNSEL ONLY," and must be treated as such pursuant to the terms of this Order. Thereafter, upon selection of specified Materials for copying by the inspecting party, the producing party must, within a reasonable time prior to producing those Materials to the inspecting party, mark the copies of those Materials that contain Confidential Information as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY."

3. Whenever a deposition taken on behalf of any party involves the disclosure of Confidential Information of any party:

   (a) the deposition or portions of the deposition must be designated as containing Confidential Information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing Confidential Information after transcription of the proceedings; a party will have

until thirty (30) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY." Until thirty (30) days after receipt of the transcribed testimony, such testimony shall be treated by the parties as Confidential Information.

(b)     The originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY," as appropriate, and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

4.     All Confidential Information designated as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" must not be disclosed by the receiving party to anyone other than those persons designated within this Order and must be handled in the manner set forth below, and in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

5.     Information designated "CONFIDENTIAL – FOR COUNSEL ONLY" may be viewed only by the following individuals:

(a)     Counsel (as defined in paragraph I.C., above) of the receiving party;

(b)     Independent experts and stenographic and clerical employees associated with such experts. Prior to receiving any Confidential Information of the producing party, the expert must execute a copy of the "Agreement to Be Bound by Stipulated Protective Order," attached hereto as Exhibit A. Counsel for the receiving party must retain executed copies of such exhibits;

(c)     The Court and any Court staff and administrative personnel;

(d)     Any court reporter employed in this litigation and acting in that capacity;

(e)     Any person indicated on the face of the document to be its author or co-author, or any person identified on the face of the document as one to whom a copy of such document was sent before its production in this action;

   (f) Party principals or executives who are required to participate in policy decisions with reference to this action, including Hunt & Sons principals;

   (d) Technical personnel of the parties with whom Counsel for the parties find it necessary to consult, in the discretion of such Counsel, in preparation for trial of this action; and

   (e) Stenographic and clerical employees associated with the individuals identified above.

  7. All information that has been designated as "CONFIDENTIAL – FOR COUNSEL ONLY" by the producing or disclosing party, and any and all reproductions of that information, must be retained in the custody of the Counsel for the receiving party, except that independent experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation, but only during the course of this litigation. The designation does not apply to principals, employees, or other agents of the parties who received information prior to and apart from this litigation that was subsequently disclosed in this litigation as being either "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY".

  8. Before any Materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as Confidential Information are filed with the Court for any purpose, the party seeking to file such material must seek permission of the Court to file the material under seal and comply with the requirements of the Civil Local Rules. Nothing in this order shall be construed as automatically permitting a party to file under seal. The party seeking leave of Court shall show "compelling reasons" (where the motion is more than tangentially related to the merits of the case) or "good cause" for filing under seal. *See Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). Additionally, such party seeking to file under seal shall, within the applicable deadline, file a redacted, unsealed version of any motion, response or reply if such party is waiting for a ruling from the Court on filing an unredacted, sealed version of the same

document. Further, nothing in this Order shall prevent a party from using at trial any information or Materials designated as Confidential Information.

9. Confidential Information and Materials designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" shall be used solely for the prosecution or defense of this action.

10. At any stage of these proceedings, any party may object to a designation of Materials as Confidential Information. The party objecting to confidentiality must notify, in writing, Counsel for the producing party of the objected-to Materials and the grounds for the objection. If the dispute is not resolved consensually between the parties within fourteen (14) days of receipt of such a notice of objections, the objecting party may move the Court for a ruling on the objection. In the event any party files a motion challenging the designation or redaction of information, the document shall be submitted to the Court, under seal, for an in-camera inspection. The Materials at issue must be treated as Confidential Information, as designated by the producing party, until the Court has ruled on the objection or the matter has been otherwise resolved.

11. All Confidential Information must be held in confidence by those inspecting or receiving it. To the extent the Confidential Information has not been disclosed prior to and apart from this litigation, it must be used only for purposes of this action. If the Confidential Information was exchanged between the parties prior to and apart from this litigation for purposes of conducting their respective businesses, the parties may continue to use that otherwise Confidential Information for that purpose. The parties may not distribute the Confidential Information beyond those persons or entities that had received the Confidential Information prior to this litigation. In addition, counsel for each party, and each person receiving Confidential Information, must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If Confidential Information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every

effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

12. Except as set forth in paragraph 13 below, no party will be responsible to another party for disclosure of Confidential Information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

13. If a party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, the producing party may give written notice to the receiving party that the Materials produced are deemed Confidential Information, and that the Materials produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the Materials as confidential, once the producing party so notifies the receiving party. If the receiving party has disclosed the Materials to unauthorized person(s) before receiving the designation, the receiving party must notify the producing party in writing of each such disclosure, take reasonable steps to notify the unauthorized person(s) of such designation under this Order, and make every effort to prevent further disclosure by the party and by the unauthorized person(s). Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced Materials as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" – SUBJECT TO PROTECTIVE ORDER.

14. Nothing within this Order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

15. Nothing in this Order will bar Counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the information must not be disclosed.

16. This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this Order must not be used by either

1  party as a basis for discovery that is otherwise improper under the Federal Rules of Civil
2  Procedure.
3       17.    Information designated Confidential pursuant to this Order also may be disclosed
4  if: (a) the party or non-party making the designation consents to such disclosure; (b) the Court,
5  after notice to all affected persons, allows such disclosure; or (c) the party to whom Confidential
6  Information has been produced thereafter becomes obligated to disclose the information in
7  response to a lawful subpoena, provided that the subpoenaed party gives prompt notice to
8  Counsel for the party which made the designation, and permits Counsel for that party sufficient
9  time to intervene and seek judicial protection from the enforcement of this subpoena and/or entry
10 of an appropriate protective order in the action in which the subpoena was issued.
11       18.    Nothing in this Confidentiality Order shall limit any producing party's use of its
12 own documents or shall prevent any producing party from disclosing its own Confidential
13 Information to any person. Such disclosures shall not affect any confidential designation made
14 pursuant to the terms of this Order so long as the disclosure is made in a manner which is
15 reasonably calculated to maintain the confidentiality of the information. Nothing in this Order
16 shall prevent or otherwise restrict Counsel from rendering advice to their clients, and in the
17 course thereof, relying on examination of stamped confidential information.
18       19.    Within thirty (30) days of the final termination of this action, including any and
19 all appeals, Counsel for each party must purge all Confidential Information, whether on paper or
20 in electronic format from all machine-readable media on which it resides, and must return all
21 Confidential Information to the party that produced the information, including any copies,
22 excerpts, and summaries of that information.
23       20.    The restrictions and obligations set forth within this Order will not apply to any
24 information that: (a) the parties agree should not be designated Confidential Information; (b) the
25 parties agree, or the Court rules, is already public knowledge; or (c) the parties agree, or the
26 Court rules, has become public knowledge other than as a result of disclosure by the receiving
27 party, its employees, or its agents, in violation of this Order.
28       21.    Transmission by e-mail or facsimile is acceptable for all notification

Gordon Rees Scully Mansukhani, LLP
300 S. 4th Street, Suite 1550
Las Vegas, NV 89101

purposes within this Order.

23. This Order may be modified by agreement of the parties, subject to approval by the Court.

24. The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.

25. After termination of this action, the provisions of this Order shall continue to be binding, except with respect to those documents and information that became a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of Confidential Information and Materials designated as confidential for enforcement of the provisions of this Order following termination of this litigation.

26. This Order shall govern pretrial proceedings only, and nothing set forth herein prohibits the use at trial of any Confidential Information or affects the admissibility of any evidence. The procedures to govern the use and disclosure of Confidential Information and the redaction of any "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" designation may be the subject of further agreement of the Parties or order of the Court.

DATED this 14th day of June, 2018.

| **GORDON REES SCULLY MANSUKHANI, LLP** | **DELFINO MADDEN O'MALLEY COYLE & KOEWLER LLP** |
|---|---|
| /s/ Robert S. Larsen | /s/ Jennifer R. Madden |
| Robert S. Larsen, Esq. | Jennifer R. Madden, Esq. |
| Nevada Bar No. 7785 | (*Pro Hac Vice*) |
| Lynne K. McChrystal, Esq. | 500 Capitol Mall Suite 1550 |
| Nevada Bar No. 14739 | Sacramento, CA 95814 |
| 300 South Fourth Street, Suite 1550 | |
| Las Vegas, Nevada 89101 | Joshua R. Woodard, Esq. |
| | Nevada Bar No. 5555 |
| *Attorneys for Plaintiff* | Carrie L. Parker, Esq. |
| *AmeriGas Propane, Inc.* | Nevada Bar No. 10952 |
| | SNELL & WILMER L.L.P. |
| | 50 W. Liberty Street, Suite 510 |
| | Reno, Nevada 89501 |
| | |
| | *Attorneys for Defendant Darrell E. Wagner* |

IT IS SO ORDERED

U.S. MAGISTRATE JUDGE

DATED: _____

-9-

## ORDER

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE

Dated: _____

# EXHIBIT A

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| AMERIGAS PROPANE, INC., a Pennsylvania corporation,<br><br>                Plaintiff,<br><br>v.<br><br>DARRELL E. WAGNER, an individual,<br><br>                Defendant. | CASE NO.  3:18-cv-00123-MMD-VPC<br><br>**[PROPOSED]**<br>**STIPULATED PROTECTIVE ORDER** |

I, _____, declare and say that:

1. I am employed as _____ by _____.

2. I have read the Stipulated Protective Order (the "Order") entered in *AmeriGas Propane, Inc., v. Darrell E. Wagner,* United States District Court, District of Nevada, Case No: 3:18-cv-00123-MMD-VPC, and have received a copy of the Order.

3. I promise that I will use any and all "Confidential" or "Confidential – For Counsel Only" information, as defined in the Order, given to me only in a manner authorized by the Order, and only to assist Counsel in the litigation of this matter.

4. I promise that I will not disclose or discuss such "Confidential" or "Confidential – For Counsel Only" information with anyone other than the persons described in paragraphs II.3, 5 and 6 of the Order.

5. I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the District of Nevada with respect to the enforcement of the Order.

Gordon Rees Scully Mansukhani, LLP
300 S. 4th Street, Suite 1550
Las Vegas, NV 89101

6. I understand that any disclosure or use of "Confidential" or "Confidential – For Counsel Only" information in any manner contrary to the provisions of the Order may subject me to sanctions for contempt of court.

7. I will return all "Confidential" or "Confidential – For Counsel Only" Materials (as defined in the Order) to the attorney who provided it to me, upon request of that attorney, and I shall not retain any copies of said Materials or any information contained within "Confidential" or "Confidential – For Counsel Only" Materials.

I declare under penalty of perjury that the foregoing is true and correct.

Date: _____

Signature: _____